

**ORDERED in the Southern District of Florida on April 9, 2020.**

**Paul G. Hyman, Jr.,Judge
United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          CASE NO.: 18-24483-BKC-PGH

**Virginia S. Hornaday,**
                                                CHAPTER 13
           Debtor.
_____/

## ORDER SUSTAINING DEBTOR'S RENEWED OBJECTION TO CLAIM #3 OF BANK OF AMERICA, S.A.

**THIS CASE** came before the Court for hearing on April 6, 2020 at 1:00 p.m. upon the Debtor's *Renewed Objection to Claim #3 of Bank of America, S.A.* (the "Objection") (ECF No. 75). In the Objection, the Debtor objected to the claim filed by Bank of America, S. A. (the "Creditor") based upon the one-year statute of limitations prescribed in Florida Statutes § 95.11(5)(h). The Creditor filed a Response to the Objection (ECF No. 77) asserting that the relevant statute of limitations for the claim

is found in either § 95.11(2)(b) or § 95.281.  For the reasons discussed below, the Court sustains the objection.

## FACTUAL BACKGROUND

The Debtor and the Creditor stipulated to the following facts in open Court. The Creditor held a second mortgage lien on the Debtor's residence.  The property that was the subject of the second mortgage lien is a residential property that is a one-family dwelling unit.  The first mortgagee foreclosed on the Debtor's residence and the property was sold on May 14, 2014.  The clerk of the state court in which the foreclosure sale was held issued a certificate of sale to the first mortgagee in May of 2014.  No deed in lieu of foreclosure was issued on either the first or the second mortgage.  The Creditor did not commence an action on its deficiency claim on the second mortgage within one year of the issuance of the certificate of sale to the first mortgagee.

The Debtor filed a previous chapter 13 proceeding, but the first and second mortgages were treated outside the plan, and thus the Creditor's deficiency claim pursuant to the second mortgage was not discharged in that proceeding.  This chapter 13 proceeding was filed on November 20, 2018.  The Creditor filed its claim in the amount of $154,712.18 based upon the second mortgage lien.

## APPLICABLE STATUTES

Section 95.11(5)(h), Florida Statutes, provides a one-year statute of limitations for an action to enforce a claim of a deficiency related to a note secured by a mortgage against a residential property that is a one-family to four-family dwelling unit.  The

limitations period commences "on the day after the certificate is issued by the clerk of court or the day after the mortgagee accepts a deed in lieu of foreclosure." § 95.11, Fla. Stat.

Section 95.11(2)(b), Florida Statutes, provides a five-year statute of limitations for a "legal or equitable action on a contract, obligation, or liability founded on a written instrument, . . . except for an action for a deficiency judgment governed by paragraph (5)(h)."

Section 95.281, Florida Statutes, provides that the lien on a mortgage or other instrument encumbering real property terminates five years after the maturity date, if "the final maturity of an obligation secured by a mortgage is ascertainable from the record."

## LEGAL ANALYSIS

The parties have not cited, nor has the Court discovered, case law interpreting § 95.11(5)(h) with respect to a second mortgage deficiency claim after a foreclosure sale by a first mortgagee. However, the Florida First District Court of Appeals ("DCA") has held that based upon the plain language of § 95.11(5)(h), a deficiency from a short sale is not subject to the one-year statute of limitations because no certificate of sale was issued and no deed in lieu of foreclosure was accepted. *See Whitney Bank v. Grant*, 223 So. 3d 476, 479 (Fla. 1st DCA 2017). While the facts and holding in *Whitney Bank* are distinguishable from the facts in this case, the principles relied upon by the First DCA are applicable here.

Based upon the plain language of § 95.11(5)(h), the one-year statute of

limitations applies to the Creditor's claim here. The Creditor had a note that was secured by a second mortgage against the Debtor's residential property that was a one-family dwelling unit. The subject property was sold at a foreclosure sale. Therefore, the entire amount due to the Creditor is a deficiency claim related to a note that had been secured by the second mortgage.

The certificate of sale was issued by the appropriate clerk of court in May of 2014. Thus, the Creditor had until May of 2015 to file an action to recover a judgment in the amount of the deficiency. Nothing in § 95.11(5)(h) excepts the Creditor from the one-year limitation period based upon the fact that its mortgage was a second mortgage or the fact that the Creditor did not receive funds from the foreclosure sale.

Section 95.11(2)(b) expressly excepts deficiency claims covered under § 95.11(5)(h), therefore the five-year limitation period under that section does not apply. By its plain language, § 95.281 is the statute of limitations for the commencement of an action to foreclose a mortgage, not for an action on a deficiency claim. *See Harmony Homes, Inc. v. U.S.*, 936 F. Supp. 907, 911 (M.D. Fla. 1996) (applying § 95.281 when considering the statute of limitations on the commencement of a foreclosure action). Since the subject property has already been foreclosed, the statute of limitations under § 95.281 does not apply in this case.

After consideration of all the applicable statutes, § 95.11(5)(h) applies to the Creditor's claim and bars the claim.

For the reasons stated above, it is ORDERED that:

1. The Renewed Objection to Claim #3 of Bank of America, S.A. is

SUSTAINED.

    2.    Claim # 3 is DISALLOWED in its entirety.

###

Copies Furnished To:
All Parties in Interest